UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SCOTT THOMPSON<br>5536 Shafer Road, Unit B<br>Warren, OH 44481<br><br>on behalf of himself and all others<br>similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>SMITH MANAGEMENT AND<br>CONSULTING, LLC<br>c/o Statutory Agent Northwest Registered<br>Agent Service, Inc.<br>6545 Market Avenue, Suite 100<br>North Canton, Ohio 44721<br><br>　　　　Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Scott Thompson, by and through counsel, and for his Complaint against Defendant Smith Management and Consulting LLC ("Smith Management") state and allege the following:

## INTRODUCTION

1.　　This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of misclassifying its employees as independent contractors and failing to pay them overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.C.S. 201-219.

## JURISDICTION AND VENUE

2.　　The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Trumbull County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was a foreign limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business at 3230 Lazy Lake Lane, Montgomery, TX 77356.

7. At times relevant herein, Defendant conducted business in Jefferson County, Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Counts One and Two, as and when

executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant Smith Management is an oilfield services company that provides services for drilling and completing operations.

14. Plaintiff Scott Thompson was employed by Defendant as a technician in Ohio, including Jefferson County, between November 2016 and March 2018.

15. Other similarly-situated individuals were employed by Defendant as technicians.

16. Plaintiff and other similarly-situated technicians were classified by Defendant as independent contractors and were paid a day rate.

17. Plaintiff and other similarly-situated technicians were improperly classified by Defendant as independent contractors.

### (Misclassification of Technicians as Independent Contractors)

18. Defendant improperly classified Plaintiff and other similarly-situated technicians as independent contractors.

19. Plaintiff and other similarly-situated technicians were employees under the law because Defendant hired/fired, issued pay, supervised, directed, disciplined, and scheduled their work, and performed all other duties generally associated with that of an employer with regard to Plaintiff and similarly-situated employees.

20. Plaintiff and other similarly-situated technicians constitute the workforce without which Defendant could not perform its operations.

21. Defendant controlled the manner in which Plaintiff and other technicians performed their work, including, without limitation, the hours they worked, the days they worked, the location(s) they worked, how they performed their work, and the rules and policies

that they were required to follow.

    22. Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to Plaintiff and other similarly-situated technicians:

    a. Defendant paid Plaintiff and other similarly-situated technicians a day rate;

    b. Defendant required Plaintiff and other similarly-situated technicians to report to their assigned jobs at a predetermined scheduled time; they were not permitted to decline jobs; and they were required to work until all job orders were filled/completed;

    c. Plaintiff and other similarly-situated technicians had no control over what jobs or areas they were assigned to or over where they performed their work;

    d. Defendant required Plaintiff and other similarly-situated technicians to request time off in advance, which required pre-approval;

    e. Plaintiff and other similarly-situated technicians were required to travel hundreds of miles per week and Defendant assigned them so many work hours each workweek that, as a practical matter, they were prevented from working for other companies;

    f. Defendant controlled the amount of hours Plaintiff and other similarly-situated technicians worked;

    g. Defendant dictated the locations at which Plaintiff and other similarly-situated technicians traveled and worked;

    h. Plaintiff and other similarly-situated technicians were integrated into Defendant's operations;

    i. Plaintiff and other similarly-situated technicians worked for Defendant for long and

   indefinite periods of time, as is common with employees;

 j. Defendant had rules that Plaintiff and other similarly-situated technicians were required to follow when performing their jobs;

 k. Defendant required Plaintiff and other similarly-situated technicians to attend company meetings; and

 l. Defendant maintained the right to discharge Plaintiff and other similarly-situated technicians at will;

 m. Defendant required Plaintiff and other similarly-situated technicians to sign non-compete agreements.

23. Despite these facts, Defendant improperly classified Plaintiff and other similarly-situated technicians as independent contractors, not as employees.

### (Failure to Pay Overtime Compensation)

24. Plaintiff and other similarly-situated technicians frequently worked more than 40 hours per week, but Defendant failed to pay them overtime compensation at a rate of one and one half their regular hourly rate for the hours they worked over 40 each workweek.

25. Plaintiff Scott Thompson estimates that he worked on average approximately 90 hours per week for Defendant during his employment.

### (Failure to Keep Accurate Records)

26. Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff and other similarly-situated technicians.

### (Defendant Willfully Violated the FLSA)

27. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. 216(b) on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

29. The class which Plaintiff seek to represent and for whom Plaintiff seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff themselves are members, is composed of and defined as follows:

> All current and former individuals employed by Smith Management as technicians between May 8, 2015 and the present.

30. Plaintiff is unable to state at this time the exact size of the potential class, by upon information and belief, aver that is consists of at least 150 persons.

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

32. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **COUNT ONE**
**(Fair Labor Standards Act Violations)**

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Defendant's practice and policy of misclassifying Plaintiff and other technicians as independent contractors violated the FLSA, 29 U.S.C. §§ 201-219.

35. Defendant's practice and policy of not paying Plaintiff and other similarly-situated technicians overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

36. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated technicians violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

37. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

38. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated technicians have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to

7

the unpaid overtime compensation found due to Plaintiff and the class under the FLSA;

F. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

G. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

H. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Anthony J. Lazzaro
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiff